J. M. GREEN v. JOHN BURGESS.

*Guardian and Ward—Right of Guardian to Recover Money paid by him Personally as Surety on Prosecution Bond—Remedy of Surety—Jurisdiction.*

1. Where a guardian, having given a bond for the prosecution of a suit by him on behalf of his ward, and signed the same individually, was compelled to pay the costs of the suit out of his individual estate, he cannot recover the same under the provisions of Section 2093 of *The Code*, which gives a summary method for reimbursement of a surety who has paid money for another.

2. In such case the remedy of the guardian is to have the amount so paid by him allowed by the Clerk of the Superior Court, who appointed him guardian, in his settlement with his ward, provided the Clerk finds that the expenditure was made properly and in good faith.

CIVIL ACTION, tried before his Honor, *Timberlake, J.*, at Fall Term, 1895, of CLEVELAND Superior Court, on appeal from the judgment of a Justice of the Peace. Upon an intimation by his Honor that, upon all the evidence, the plaintiff could not recover, the latter submitted to a nonsuit and appealed.

The facts are stated in the opinion of Associate Justice AVERY.

*Mr. D. W. Robinson*, for plaintiff (appellant).
*Messrs. Webb & Webb*, for defendant.

GREEN *v.* BURGESS.

MONTGOMERY, J.: The plaintiff, who was guardian of the defendant, then a lunatic, instituted a suit as such guardian to recover the possession of certain property belonging to his ward, becoming surety as an individual on the bond for the prosecution of the suit. He failed in the action, judgment for the cost was rendered against him, and the amount collected out of his personal estate by the Sheriff under execution. If this action was instituted by the guardian in good faith and in the exercise of a sound discretion, of course the guardian is entitled to have the costs so paid by him repaid out of the ward's estate. We are of the opinion however, that the only way in which this relief can be afforded the plaintiff is to have the whole matter as to the amount paid, the good faith and propriety of the action, passed upon by the Clerk of the Superior Court by whom the letters of guardianship were issued. If, after an investigation of the whole matter, it appears to the clerk that the amount of the cost so paid by the guardian was properly expended for the benefit of the ward's estate, then the same should be allowed to him and charged in the guardian account in his favor and against the ward. *McNeill* v. *Hodges*, 83 N. C., 504. The clerk who issued letters of guardianship must pass upon the correctness of the guardian's account before the guardian can institute any suit for any balance that may be due to him. Besides, the object of *The Code* practice is to discourage a multiplicity of suits; and connected with this very matter there appears to be a balance due to the guardian by an account rendered to the clerk before the commencement of this suit, upon which an action might be brought—that balance forming no part of the subject matter of this suit. The present proceeding was commenced under Section 2093 of *The Code* which allows any person, who may have paid money for or on account of those for whom he became surety, to have a

summary remedy for its collection.   This provision of *The Code* was not intended to embrace such a case as the one before us, for, as we have said, before any recovery can be made by a guardian against his ward on any matter connected with the guardianship account, the same must be passed upon and approved by the clerk who issued the letters of guardianship.

We are of the opinion therefore that the Justice of the Peace, before whom this proceeding was originally brought, had no jurisdiction of the subject matter.   His Honor intimated that upon the testimony the plaintiff could not recover, and in so ruling he committed no error.

                                                No Error.