MONTGOMERY, J., dissenting.
This action was brought to recover damages for wrongfully cutting and removing timber from the plaintiffs' land and for negligently burning other timber.
It appears that in August, 1895, the plaintiffs and the defendant entered into a contract by which, for the consideration therein expressed, *Page 108 
the former conveyed to the latter, for the term of five years, the pine and poplar trees standing and growing on a tract of land owned by the plaintiff and particularly described in the complaint, and also the right and privilege of entering upon the land with its servants and teams and constructing and operating such "railroads, tramways, and roads" over and upon the said land as may be necessary for said purposes, and providing that the defendant should not cut trees measuring less than 12 inches on the stump, except for the purpose of being used in the construction and operation of the road.
The defendants afterwards entered into a contract with Ward 
White by which the latter agreed to construct the railroad upon said tract of land and to cut the timber and to deliver the same at (153) certain designated points on the Wilmington and Weldon Railroad for shipment to Norfolk, and for that service a certain compensation was provided.
It was further agreed that the defendant should furnish the rails, spikes, and other fixtures, and the engine and cars to be used in the "logging operations under the contract by Ward White, the same to remain the property of the timber company."
It was further provided that the contractors "will cut, haul, and deliver, so far as may be practicable and in accordance with direction of the timber company, all the timber on the said land."
The plaintiff alleged that the defendant had cut and removed timber which measured less than 12 inches at the stump and which was not used in the construction of the road; but the defendant denied the allegation and contended that there was no evidence to sustain it. The plaintiff in his own behalf testified that he saw the hands cutting and removing the timber; and this was some evidence of the fact, the sufficiency of which was for the jury. As to whether the defendant is liable for what the servants of the contractors did, is a question which we will discuss hereafter.
The plaintiff further alleged that in constructing the road the contractors cut down trees and left the tree-tops lying within a few feet of the track, where they had become dry and very inflammable, and by reason of the negligent operation of the engine, live coals or sparks were allowed to escape therefrom and lodge in the tree-tops, which were about 12 feet from the rails, and they were thereby ignited and the fire was carried directly from them to his timber, which was destroyed. The defendant denied that the timber was destroyed by any negligent act on its part, or that there was any evidence of negligence, and specially averred that it was not responsible for what Ward White did, as they were independent contractors.
(154) We think that there was evidence that the burning was *Page 109 
caused by the negligence of Ward White, for which the defendant is liable in damages. The plaintiff testified that he saw the fire, but could not tell when or where it started. The witness Rogers testified that he saw the smoke and went to the place where it was and saw the fire burning in the tree-tops, and that the engine had just passed. As there was no evidence that the engine was furnished with spark arresters or otherwise properly equipped to prevent the emission of sparks or the dropping of live coals, and as the tree-tops, which were very inflammable, were permitted to remain so near the track as to be easily ignited by sparks or coals, we are constrained to hold, upon well-settled principles which have frequently been applied by this Court, that there was evidence of negligence which the court properly submitted to the jury. Aycock v. R. R., 89 N.C. 321; Ellisv. R. R., 24 N.C. 138; Lawton v. Giles, 90 N.C. 374; Piggot v. R. R., 54 E. C. L., 228; Ins. Co. v. R. R., ante 75.
It is just as well in this connection to discuss the question raised by the fifth exception to the charge. The court instructed the jury "that if the defendant permitted its right of way to become foul with trash and tree-tops, and the fire originated in the tree-tops, the jury should answer the third issue as to negligence `Yes' and assess the damage under the fourth issue. There is no width of right of way specified, and in the absence of that specification a right of way is such width as is needed for the safe and prudent operation of the road." We are unable to find any error in this instruction. When the plaintiff granted to the defendant the right to construct a line of railway across his land for the purpose of removing the timber to be cut therefrom under the contract, this grant impliedly carried with it, as a necessary incident, the right to have and use a right of way of such width as was reasonably sufficient for the construction and (155) safe operation of the road. This must needs be so, for otherwise the grant would be practically useless. In Waters v. Lumber Co.,115 N.C. 654, this Court says: "In the light of the meager statement before us, we must hold that the court erred in instructing the jury that the plaintiff (the landowner) was entitled to compensatory damages for the injury done to the land in cutting and removing so much timber as it was reasonably necessary to remove in order to construct a way for the passage of lumber trains. Whether a way 21 feet wide was necessary for the purpose, was a question for the jury under proper instructions. Construing the contract as we do, we conclude that, with the right to build a road sufficient for the passage of trains, the plaintiff by necessary implication agreed to surrender his claim to such damage to his land as might be incident to the skillful construction of what he had empowered Simmons to build. The same implication *Page 110 
must grow out of the right to build a private railway as is held to arise in the case of a grant or condemnation for the use of a common carrier." Citing Adams v. R. R., 110 N.C. 325, and Fleming v. R. R., 115 N.C. 676.
The instruction given by the court in this case conformed strictly with the principle laid down in the case just cited, and the jury have found upon evidence, sufficient in law for that purpose, that the fire originated on the right of way, and was caused by the dropping of coals or sparks from the engine of the defendant, which was at the time being operated by the contractors, the coals or sparks having lodged in the tree-tops or combustible matter on the right of way and ignited it, and that the fire was thereby carried directly to the plaintiffs' timber. Aycock v. R. R.,supra.
It is contended that the liability of an individual or a private corporation owning a railroad, like the one described in this case, (156) for setting fires is not the same as that of a quasi- public corporation having the right to condemn land and to construct a railroad with the right of way of certain width, and owing certain well-defined duties and obligations to the public. We are unable to perceive any difference in principle between them. The mere fact that the defendant has no chartered rights to build a railroad and to use locomotives and other dangerous machinery and appliances is surely no good reason for making a distinction, in this respect, in its favor. If anything, it has been said, that fact rather makes against the defendant. "Where a company is not authorized by its charter to use locomotive engines, it uses them at its peril and is liable for fires caused by the emission of sparks, irrespective of negligence, and although it has taken all reasonable precaution to prevent injury." 13 A. E., 414; Wharton on Negligence, sec. 868; Kendrick v. Towles, 60 Mich. 363, 1 Am. St., 526; Hilliard v. Thurston, 9 Ont. App., 514. It is not necessary, though, that we should adopt and apply so rigid a rule. It is quite sufficient for the purposes of this appeal to say that the rule applicable to railroad corporations, which makes them liable for fires negligently caused by igniting combustible material on the right of way, has been applied to private railroads constructed for logging purposes, Kendrick v. Towles, supra; and private steamboat companies, Hilliard v. Thurston, supra. It seems to us that the rule applicable in such cases is the one which governs in the case of the owners of private property, for surely such companies cannot claim greater exemption than private landowners. The rule of the common law is that you must so use your own property as not to injure your neighbor's. In Garrett v. Freeman, 50 N.C. 78, it was held to be the duty of an individual, using fire on his own premises, to first remove *Page 111 
such combustible matter as he could reasonably see would conduct (157) it to another's fence, and the defendant was held liable in that case, of course, for failing to perform this plain duty to his neighbor. 13 A. E. (2 Ed.), 454 and 463; Higgins v. Dewey, 107 Mass. 494, 9 Am. Rep., 63.
It must be true that in respect to the plaintiff, from whom the right to enter upon the land and construct the railroad was acquired, the defendant owed the duty so to exercise the right and use the privilege granted as not unnecessarily to injure his property. We have held that the defendant was entitled to a right of way of sufficient width to enable it to build and safely operate the road, but if there was no right of way outside of the strip of land upon which the cross-ties and rails were laid, we incline to the opinion that the defendant would still be liable, if in constructing the road or clearing a way for it the trees were cut down and the tops left in close proximity to the track, where they would be liable to be ignited by sparks or coals falling from the engine, as the defendant certainly had the implied right to remove this combustible material when the road was complete, and the failure to do so was negligence. But it is not necessary to pass upon this question, and it is left open for decision if it should hereafter be presented.
In any view of the matter, it seems that the case was correctly submitted to the jury by the court upon the question of negligence.
Our attention has been called to Simpson v. Lumber Co., 131 N.C. 518, which now stands for rehearing in this Court, and, having examined and considered it most carefully, we must decline to be governed by it in this case. The conclusion reached in that case is not in accordance with the well-settled rules of law, as we understand them, and so far as it is in conflict with the principles herein declared, it is overruled.
It is further insisted that if there was negligence which proximately caused the burning of the plaintiff's timber, it (158) was not that of the defendant, but of Ward White, who were independent contractors, and we will now consider this contention.
Where the contract is for something that may lawfully be done, and is proper in its terms, and there has been no negligence in selecting a suitable person to contract with in respect to it, and no general control is reserved either in respect to the manner of doing the work or the agents to be employed in it, and the person for whom the work is to be done is interested only in the ultimate result of the work and not in the several steps as it progresses, the latter is not liable to third persons for the negligence of the contractor as his master. Cooley on Torts (2 Ed.), sec. 548, p. 646. The principle as thus stated, and which we believe to be the correct one, has been approved and applied by this *Page 112 
Court in Waters v. Lumber Co., 115 N.C. 652. We are of the opinion that there was evidence sufficient to go to the jury to the effect that the defendant did reserve control over Ward White, with whom the contract for the construction of the road and the cutting of the timber was made. The evidence tended to show that the defendant, through Jenkins, its manager, took an active part in the prosecution of the work, and that Jenkins was frequently in the woods looking after the business of cutting the timber and hauling it to the railroad station. The property of the defendant, such as engines, rails, spikes, and other things, was used by the timber company, and the contract provided that the cutting should be done under the direction of the defendant, and it was stated by one of the defendant's witnesses that Jenkins' duty was to look after the logging and to see that Ward White did the cutting and logging, in accordance with the requirements of the contract. It further appears that the defendant listed for taxation all of the property (159) used in the construction of the road and in its operation. There was other testimony with reference to the acts and conduct of Jenkins, which, with that we have already mentioned, furnished sufficient evidence to be considered by the jury upon the question of the defendant's reserved control over Ward White, and the matter was fairly and correctly explained to the jury in the charge.
The defendant further complains that the instructions were not clear and explicit in regard to the relation sustained by Ward White towards it. We do not agree with the defendant, but, if it is correct, it had the right to request the court to make the charge more explicit, and in failing to do so it has waived any objection to the charge on that ground. Kendrick v.Dellinger, 117 N.C. 496.
Judgment affirmed.
MONTGOMERY, J., dissenting.
CONNOR, J., did not sit.
Cited: Simpson v. Lumber Co., 133 N.C. 96; Hemphill v. Lumber Co.,141 N.C. 490; Knott v. R. R., 142 N.C. 243; Sawyer v. R. R., 145 N.C. 27;Whitehurst v. R. R., 146 N.C. 592; Stewart v. Lumber Co., ib., 106; Youngv. Lumber Co., 147 N.C. 31; Merritt v. Mfg. Co., 150 N.C. 341; Walkerv. Walker, 151 N.C. 167; Snipes v. Mfg. Co., 152 N.C. 45; Bissell v.Lumber Co., ib., N.C. 125; Hunter v. R. R., ib., 687; Thomas v. LumberCo., 153 N.C. 354, 355; Beal v. Fiber Co., 154 N.C. 151; Twiddy v.Lumber Co., ib., 240; Denny v. Burlington, 155 N.C. 36; Johnson v. R. R.,157 N.C. 383; *Page 113 Holton v. Morganton, 159 N.C. 434; Carter v. Lumber Co., 160 N.C. 10;Aman v. Lumber Co., ib., 373; Embler v. Lumber Co., 167 N.C. 462;Buchanan v. Lumber Co., 168 N.C. 43; S. v. Perley, 173 N.C. 789;Cashwell v. Bottling Works, 174 N.C. 237; Mumpower v. R. R., ib., 745;Williams v. Mfg. Co., 177 N.C. 515; Matthis v. Johnson, 180 N.C. 133.
(160)