## SIMPSON v. ENFIELD LUMBER COMPANY.

(Filed September 29, 1903.)

1. RAILROADS—*Negligence—Logs and Logging.*

   A company operating a private railroad constructed for the pur-
   pose of removing timber conveyed to it is liable to the owner
   of the land for damages to his timber from fires caused by
   sparks from its engines igniting combustible material negli-
   gently permitted to accumulate on its right of way, to the same
   extent as a public railroad company.

2. PLEADINGS—*Amendments.*

   A complaint stating that damage by fire was caused by the care-
   less and negligent failure to provide the engine with spark-
   arresters, may be amended by alleging the negligence to be that
   combustible matter was allowed to accumulate on the right
   of way.

3. EVIDENCE—*Sufficiency of Evidence—Negligence.*

   In an action for damages by fire, evidence that combustible matter
   was allowed to remain on the right of way of a private rail-
   road, and that a fire was burning on the right of way soon
   after a train had passed, is sufficient to submit to the jury on
   the question of the negligence of the defendant.

MONTGOMERY, J., dissenting.

On petition for rehearing. See former opinion, 131 N. C.,
518.

*E. L. Travis* and *H. G. Connor, Jr.,* for the petitioner.
*Thomas N. Hill* and *Day & Bell,* in opposition.

WALKER, J. This is a petition to rehear the above entitled
case, which was decided at August Term, 1902, and is re-
ported in 131 N. C., 518. This Court then held that the mo-
tion to non-suit should have been granted, as the defendant,

to whom the plaintiff had sold certain timber on his land with the right to cut the same and to build a railroad on the land for the purpose of removing it, was not liable to the plaintiff for any damage caused by a fire communicated by its engine, if properly equipped and operated, to combustible material negligently permitted to accumulate on or along its track and thence to the plaintiff's timber, which was destroyed by fire. In *Craft v. Timber Co.,* 132 N. C., 151, we had occasion to again consider the principle upon which the former decision in this case was based, and we held, overruling the case now under consideration, that upon such a state of facts as above set forth the defendant is liable, and we still adhere to the latter decision. We deem it sufficient, therefore, merely to refer to the case of *Craft v. Timber Co., supra,* for the reasons upon which we rely in this case to sustain the ruling that the defendant is liable, if, as found by the jury, it negligently permitted inflammable material to accumulate on or along its road-bed, which was set on fire by sparks or burning coals dropped from its engine, the fire being thence communicated to the plaintiff's timber, which was destroyed.

Having thus decided with respect to the defendant's general liability, it follows that the petition to rehear must be allowed, the former decision reversed and the defendant's exception to the refusal of the Court below to dismiss the action overruled. It then becomes necessary to consider the questions raised by the defendant's other exceptions.

The action was brought to recover damages for negligently burning timber on the plaintiff's land. It appears that on the 6th day of April, 1900, the plaintiff sold to the defendant all the timber of a certain size, when cut, on his tract of land and executed a deed therefor, granting to the defendant the right to "construct, maintain and use such roads, tramways, railways, etc., as it may deem necessary for cutting and removing said timber." The defendant, under this deed,

entered upon the land, constructed and used certain railways, and cut and removed the timber and hauled the same away over the said railways, using as a motive power a steam railway engine. On the 14th day of September, 1900, after the defendant had cut and removed all of the timber which it had bought, a fire destroyed the remainder of the standing and growing timber on the land, the plaintiff alleging that this fire was caused by the negligence of the defendant in allowing rubbish and combustible material to remain on its road-bed while it was operating its steam engine over the same.

The plaintiff in his original complaint alleged that the burning of the timber was caused by "the negligence of the defendant's agents and servants or by reason of the defective construction of its engines" which it operated on its railway. Afterwards the plaintiff asked and obtained leave to amend his complaint as follows: "That on or about the 14th day of September, 1900, the defendant did negligently and carelessly permit fire to be communicated from its engine, which was being operated over and upon said land for the purpose of removing the pine timber purchased as aforesaid, to the grass, weeds, straw and other dry and combustible matter, which the defendant had negligently allowed to grow, remain and accumulate upon and along its said track and right of way through said land, which spread and burned over the said land of the plaintiff, destroying large quantities of oak timber, fire-wood and undergrowth thereon, to the plaintiff's damage one thousand dollars; that at said time, as the plaintiff is informed and believes, the defendant carelessly and negligently failed to provide its engine with proper spark-arresters and other proper appliances to prevent the escape of sparks, and thus did negligently and carelessly set fire to said land and caused the plaintiff's damages as above set forth."

The defendant in apt time objected to the allowance of

this amendment; the objection was overruled and the defendant excepted.

We do not see why the amendment was not proper. It is contended by the defendant that by it a new cause of action was inserted in the complaint, which was a departure from that originally stated. The cause of action was the negligent burning and the damage resulting therefrom, and it was allowable for the plaintiff to allege different acts of negligence, or that the negligence was committed in different ways. The general scope and purpose of this action, or what is sometimes called the gravamen or the grievance or injury specially complained of, were not changed by the amendment. It can make no difference with respect to the plaintiff's right to recover whether the burning was caused by a defective engine or by setting on fire combustible material carelessly left by the defendant on its right-of-way. Amendments which only amplify or enlarge the statement in the original complaint are not deemed to introduce a new cause of action, and the original statement of the cause of action may be narrowed, enlarged or fortified in varying forms to meet the different aspects in which the pleader may anticipate its disclosure by the evidence. 1 Enc. Pl. and Pr., 557-562. It has been declared to be a fair test in determining whether a new cause of action is alleged in an amendment to inquire whether a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, *Ibid.,* 556; or whether the amendment could have been cumulated with the original allegation. *Richardson v. Fenner,* 10 La. Ann., 599. Under either test, if applied to this case, the amendment was properly allowed. In suits founded on negligence, allegations of fact tending to establish the same general acts of negligence may properly be added by amendment. 1 Enc. Pl. and Pr., 563; *Railroad v. Kitchins,* 83 Ga., 83. An amendment can be allowed under our law when

it does not substantially change the claim or defense, the Code, sec. 273, and the statement of additional grounds of negligence is not a new cause of action or a substantial change of the plaintiff's claim. *Kuhns v. Railroad,* 76 Iowa, 60; *Davis v. Hill,* 43 N. H., 329; *Railroad v. Salmon,* 14 Kan., 512; *Smith v. Bogenschutz,* (Ky.), 19 S. W. Rep., 667; *Nash v. Adams,* 24 Conn., 33; *Carmichael v. Dollan,* 25 Neb., 335; *Railroad v. Hendrix,* 41 Ind., 49; *Chapman v. Nobleboro,* 76 Me., 427. The amendments allowed in the cases just cited were not unlike the one which was made in this case. In the case of *Smith v. Bogenschutz, supra,* it was held that a complaint, which alleged that a certain injury caused by the overflow of molten iron from a ladle in which it was being carried was due to the jostling of the carriers in a narrow passway, could be amended so as to allege that the overflow was due to a defect in the ladle without introducing any different cause of action. We do not see how our case can be distinguished from *Smith v. Bogenschutz,* which was well considered.

The case of *King v. Dudley,* 113 N. C., 167, seems to be directly in point. There, the plaintiff asserted title to a crop as lessee of a receiver, and, after the evidence or a portion of it had been introduced, she was permitted to amend her complaint by alleging that the crop was grown on land of her deceased husband, which was cultivated by her in lieu of her dower, and that the crop belonged to her. The Court held that the amendment was properly allowed, as it did not set up a cause of action wholly different from that alleged in the original complaint or change the subject matter of the action, though it did state a title entirely different from the one alleged in the original complaint. The cause of action was for the recovery of the crop, and it could make no difference how she claimed it, provided she established a good title. We think, therefore, that the amendment was properly allowed.

The defendant at the close of the plaintiff's testimony moved to dismiss the action or for judgment as in case of non-suit, upon the ground that there was no evidence of negligence, and, the motion being overruled, the defendant introduced testimony. At the close of all the testimony, the defendant renewed the motion to dismiss upon the same ground, and also requested the Court to charge the jury that if they believed the evidence the burning of the timber was not caused by the negligence of the defendant, and the jury should, therefore, answer the first issue "No." The motion to dismiss having been denied, and the prayer for instruction refused, the defendant excepted to each ruling. These two exceptions present the question whether there was sufficient evidence to be submitted to the jury upon the question of negligence. The plaintiff at the trial introduced as a witness Candace Williams, who testified as follows: "My house is about 200 yards from the defendant's track, and the track can be seen from my house. The timber was cut down and just place enough left for the train to go along, and then they put down the ties and ran the track just any way. There was nothing in the world taken away. They just put the trees and brush out of the way so the train could go along. They never raked out anything; just laid the cross-ties right on top of it, all along through the woods. The fire was Wednesday after the second Sunday in September. It was the last day the three trains were in there. In the evening when the train went out the last time, the fire came. There was a fire just a little below my house. I saw it was coming out and went out to pull the fence down. I knew it would burn me up. The train was then about against my house, going on out. I saw the smoke right across the woods when the train came out. Two smokes rose up right behind the train, right at the track, where the train came out from. Just as the train came out, there were two little smokes right up behind the train, and I

spoke to my little girl and said, 'yonder are two smokes right now from the train.' They rose up behind the train and came right from the track so that they could not cross it the next morning." On cross-examination she stated: "It was right at the railroad. I saw the smoke when it rose right up and the railroad was right there, and it looked like the fire was right there, most by the ties. There were some fires in there, but there didn't come any fire in there before the train came in there. When the train ran along, there was a fire all along the railroad."

It would be useless to state all the testimony of the witnesses. The witness Candace Williams testified at length on her direct examination as to how the fire originated, and she was subjected to a long and rigid cross-examination. It is not our province to pass upon the credibility of this witness. The jury, it seems, believed her, and we can only say, upon the foregoing statement of her testimony, that there was at least some evidence tending to show that the burning of the plaintiff's timber was caused by the defendant's negligence in the manner set forth in the complaint.

The Court has long since adopted the rule that "where the plaintiff shows damage resulting from the defendant's act, which act, with the exercise of proper care, does not ordinarily produce damage, he makes out a *prima facie* case of negligence, which cannot be repelled but by proof of care or of some extraordinary accident which renders care useless." *Aycock v. Railroad,* 89 N. C., 321; *Lawton v. Giles,* 90 N. C., 374; *Piggot v. Railroad,* 54 E. C. L., 228; *Craft v. Timber Co.,* 132 N. C., 151; *Ins. Co. v. Railroad,* 132 N. C., 75. In *Aycock v. Railroad,* 89 N. C., 329, the Court, through *Smith, C. J.,* says: "A numerous array of cases are cited in the note (2 A. and E. R. R. Cases, 271) in support of each side of the question as to the party upon whom rests the burden of proof of the presence or absence of negligence, where

only the injury is shown, in the case of fire from emitted sparks. While the author favors the class of cases which impose the burden upon the plaintiff, we prefer to abide by the rule so long understood and acted on in this State, not alone because of its intrinsic merit, but because it is so much easier for those who do the damage to show the exculpating circumstances, if such exist, than it is for the plaintiff to produce proof of positive negligence. The servants of the company must know and be able to explain the transaction, while the complaining party may not. And it is but just that he should be allowed to say to the company, you have burned my property, and, if you are not in default, show it and escape responsibility."

We have considered at length the two exceptions that were pressed in argument before us. Other exceptions were taken by the defendant, but after a most careful examination of them we think they are without merit.

The former judgment of this Court is reversed and the judgment below is affirmed.

Petition allowed and judgment below affirmed.


CONNOR, J., having been of counsel, did not sit on the hearing of this case.


MONTGOMERY, J., dissenting.


DOUGLAS, J., concurring. I concur in the opinion of the Court, but as my reasons are fully set out in my dissenting opinion filed at the first hearing of this case, reported in 131 N. C., 523, it is needless to repeat them. The issues of fact were properly left to the jury, as there was evidence tending to support the plaintiff's contentions.