GRIFFIN v. ATLANTIC COAST LINE RAILROAD CO.

(Filed December 18, 1903).

ISSUES—*Carriers—Pleadings—Trial—The Code, sec. 395.*

> Where, in an action for injuries to a passenger, he alleged incon-
> sistent causes of action in different counts of his complaint,
> it was error for the court to submit the case on a single issue
> as to whether plaintiff was injured by defendant's negligence,
> as alleged in the complaint.

CLARK, C. J., dissenting.

ACTION by Hiram Griffin against the Atlantic Coast Line
Railroad Company, heard by *Judge Frederick Moore* and a
jury at March Term, 1903, of the Superior Court of Halifax
County.   From a judgment for the plaintiff the defendant
appealed.

*Walter E. Daniel, E. L. Travis* and *Claude Kitchin,* for
the plaintiff.
*Thomas N. Hill, Day & Bell* and *G. B. Elliott,* for the
defendant.

CONNOR, J.   This action was prosecuted by the plaintiff
for the recovery of damages alleged to have been sustained
while in the act of alighting from the defendant's train.   The
plaintiff, at the appearance term, filed his complaint, alleging
that on the day therein named he purchased a ticket of de-
fendant's agent at Kelford to Palmyra, both stations being
on the defendant's road, and boarded the train, delivering
his ticket to the conductor.   That when the train stopped
at Palmyra plaintiff proceeded to get off, and while in the
act of stepping off, without notice or warning to him the
engineer carelessly, negligently and wantonly moved the train

suddenly, giving a jerk to the cars, by which the plaintiff was thrown to the ground, breaking his wrist and otherwise injuring him; that the defendant's agent in charge of the train negligently and carelessly failed to give him a reasonable time in which to get off the train, and that by reason of his injuries he sustained damage. The defendant denied the material allegations of the complaint, and for a further defense said that when the train was approaching the station at Palmyra, and before it had stopped, the plaintiff negligently jumped and alighted from the train, and in doing so fell and was injured, while the train was still in motion and before it stopped; and that he thereby assumed the risk of being injured, and his negligence was the proximate cause of his injury. The defendant also set up contributory negligence.

At November Term, 1902, the plaintiff by leave of the Court amended his complaint and alleged that when the train got near Palmyra the porter called said station, and as the train drew near thereto and slowed down the plaintiff got up from his seat and went to the door of the car to be ready to get off when it stopped; that when the train got to the station and was moving very slowly, having nearly stopped, the plaintiff believing it had stopped, the porter, who had also come to the door and was standing on the platform, told the plaintiff to get off, and that in obedience to the direction of the porter, and believing by reason thereof that it was the time and place to do so, he stepped off the train and was violently thrown to the ground, sustaining the injuries set forth. The defendant denied the material allegations of the amended complaint.

Without objection, his Honor submitted the following issues: Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Did the plaintiff contribute to his injury? And an inquiry as to damages.

As said by *Mr. Justice Douglas* in *Tucker v. Satterthwaite*,

120 N. C., 118, "We are not inadvertent to the long line of
decisions laying down the rule that the refusal of the Court
to submit an issue tendered by either party cannot be re-
viewed by this Court unless exception is taken in apt time;
nor do we wish to be understood as reversing or modifying it.
*   *   *   What we now say is that section 395 of the Code
is mandatory, binding equally upon the Court and upon
counsel; that it is the duty of the Judge, either of his own
motion or at the suggestion of counsel, to submit such issues
as are necessary to settle the material controversies arising
in the pleadings, and that in the absence of such issues or
admissions of record equivalent thereto sufficient to reasona-
bly justify, directly or by clear implication, the judgment
rendered therein, this Court will remand the case for a new
trial."

In *Pearce v. Fisher*, at this term, 133 N. C., 333, two
defendants were sued for injury alleged to have been sus-
tained, one as landlord and the other as a tenant of a part of
the hotel in which the plaintiff's goods were stored. The
following issue was submitted: "Was the plaintiff injured
by the defendants, or either of them, as alleged in the com-
plaint? The jury answered the issue "Yes." *Mr. Justice
Walker* says: "How can this Court decide, from the verdict
as thus rendered, whether the jury intended to say that the
plaintiff was injured by both of the defendants or only by
one of them? To construe the verdict either way would be
the merest conjecture. The answer of the jury to the issue
would be just as appropriate if only one of the defendants
had caused the injury as it would be if by joint action they
had caused it. *   *   *   Issues should not be submitted in
such a way that when they are answered it will be left doubt-
ful as to what the jury have found with respect to the liabil-
ity of the parties."

It is true in the case cited the defendant excepted to the

issue.  In this case it will be seen that the allegations in the original complaint and the amended complaint are based upon entirely different if not contradictory statements of the plaintiff's cause of action.  The first says that as he was proceeding to alight from the train the engineer gave a sudden jerk, which threw him violently to the ground, etc.  If the jury found this to be true he was clearly entitled to recover.  The authorities in this Court are uniform to that effect.  The other cause of action consists of the allegation that as the train approached Palmyra he was told by the porter to alight; that the train had slowed down and was moving slowly, having nearly stopped, he believing that it had stopped, and that the porter standing on the platform directed him to get off; that in obedience thereto he did step off, and because of the fact that the train was moving more rapidly than he had supposed he was thrown to the ground and injured.  Now, certainly both of these allegations cannot be true, nor is it so contended. In one view of the case the plaintiff was injured by the negligence of the engineer, the porter taking no part in the transaction; in the other view he was injured by the negligence of the porter, the engineer being entirely free from blame. We have held that the two causes of action may be joined in the complaint, and appropriate issues submitted to the jury presenting each phase of the controversy.  *Simpson v. Lumber Co.,* at this term, 133 N. C., 95, and cases therein cited. The exception of the defendant to the amendment must, therefore, be overruled.

We do not deem it necessary to discuss the exceptions to the charge, because if the issues had presented each cause of action separately many of the exceptions to the charge would not have arisen.  Such error as may have crept into the charge is attributable to an effort to present the case to the jury in two contradictory aspects under one issue.

The principles governing the rights and duties of passen-

gers on railway trains have been so frequently and recently decided by this Court that it would seem unnecessary to repeat them. If the jury found from the evidence that the facts alleged in the original complaint were true, and further found that there was no contributory negligence, the plaintiff would be entitled to recover. The same may be said in respect to the second cause of action. But surely they could not answer both issues affirmatively.

The plaintiff testifies as follows: "I was sitting in the car and the porter came through and called out Palmyra station. I got up and walked to the door just as it got to the station. I stood in the door until it about hit the station, and it ran by the station and temporarily stopped. As it ran by the station the porter, who was standing on the platform of the car on the other side of me, came back and told me to get off. To the best of my belief the train had stopped. As I was in the act of stepping off the second step from the bottom it jerked and threw me out." This testimony, if true, entitles the plaintiff to recover. But it does not correspond with the allegation in the original complaint, in which no suggestion is made that he alighted from the train at the direction of the porter. The gravamen of that allegation is that the dedefendant's agent carelessly failed to give him a reasonable time in which to get off the train, and that almost immediately after stopping, before the plaintiff could possibly alight, he carelessly and negligently started the train. Nor does the testimony correspond with the allegation in the amended complaint, the gravamen of which is that the porter carelessly and negligently told him to get off the train, and that by reason thereof he believed that it was the time and place to get off and that he could safely do so. He stepped off and was violently thrown to the ground. The inference which we draw from this allegation is that at the time the porter told him to alight the train was moving too rapidly for him to do

so safely, but that he relied upon the porter's judgment, and, believing that he could safely alight, was thrown from the train.

While we recognize the well-settled principle that pleadings are to be construed liberally with a view to substantial justice between the parties, it is equally well settled that the proof must conform substantially to the allegation. As was said by this Court in *Parsley v. Nicholson,* 65 N. C., 209 : "The rules of pleadings at common law have not been abrogated by The Code of Civil Procedure. The essential principles still remain, and have only been modified as to technicalities and matters of form. The object of pleading, both in the old and the new system, is to produce proper issues of law and fact, so that justice may be administered between the parties litigant with regularity and certainty."

The cause of action stated in *Simpson v. Lumber Co., supra,* was the negligent conduct of the defendant in the discharge of its contractual duty to the plaintiff. It is allowable for the plaintiff to allege different acts of negligence, or that the negligence was committed in different ways. "It makes no difference, with respect to the plaintiff's right to recover, whether the burning was caused by a defective engine or by setting on fire combustible material carelessly left by the defendant on its right of way." So in this case the same legal result would follow with respect to the plaintiff's right to recover and the measure of damages, whether the injury was caused by the negligence of the engineer or of the porter. But, as we have said, it could not be, in the view of the allegations, the negligence of both. The issues should have been so submitted that the attention of the jury would have been directed to the testimony in both aspects of the case, so that, under proper instructions from the Court, they would have answered the issues accordingly as they believed the evidence. If they had answered the first issue in respect to the defend-

ant's negligence "Yes," and the second issue in respect to contributory negligence "No," that would have ended the controversy. If, however, they had answered the issues in respect to the first allegation in the negative, they would have then proceeded to consider the issues directed to the second allegation.

To the end that the cause may be submitted to a jury with issues drawn in accordance with this opinion, a new trial must be had.

New Trial.

CLARK, C. J., dissenting. Concurring in the view of the Court that "the same legal result would follow with respect to the plaintiff's right to recover and the measure of damages, whether the injury was caused by the negligence of the engineer or of the porter," it seems to me that it is immaterial which it was, and no detriment was caused by the jury not finding specifically which servant of the company was to blame. The defendant was to blame in either case, and that is all the plaintiff is called upon to prove. The jury have found the fact on which the plaintiff's right to recover depends, to-wit, that he was injured by the negligence of the defendant in alighting from its cars at Palmyra at the time mentioned and being thrown to the ground. The plaintiff could state the circumstances in his complaint in the different phases to meet the proof that might be offered (*Simpson v. Lumber Co.,* 133 N. C., 95), but that does not require an issue as to each, but the one issue "whether the plaintiff was injured by the negligence of the defendant as alleged in the complaint" should be sufficient, especially since the defendant did not ask for another issue nor except to those submitted.

Had the party been killed and his personal representative had alleged, from uncertainty of evidence, the different phases besides the two in this complaint that he got off on

the right-hand side of the car and on the left-hand side, off the front end of the car and off the rear end, and several other variant circumstances, must there be an issue on each? It seems there is but one *issuable* fact, the injury by the negligence of the defendant at the time and place, and the difference in statement of the attendant circumstances is merely evidential matter. I think there was no error committed by the Judge below.