ELLEN HOLTON v. TOWN OF MORGANTON.

(Filed 15 May, 1912.)

**Cities and Towns—Streets and Sidewalks—Contributory Negligence
—Burden of Proof—Ordinary Care—Specific Instructions—Appeal and Error.**

The plaintiff sued the defendant town for damages for an injury received in attempting to cross a ditch alleged to have negligently been left across the sidewalk. The court charged the jury correctly that the burden upon the issue of contributory negligence was upon the defendant to show that the plaintiff had not exercised ordinary care. An exception to the charge, that the court failed to declare and explain the law of contributory negligence, should have been taken by offering a special prayer containing the instructions desired.

APPEAL from *Long, J.,* at Fall Term, 1911, of BURKE.

This action is to recover damages against the town of Morganton for personal injuries, sustained, as the plaintiff alleges, by the negligence of the defendant in permitting a ditch or gully to remain open across one of its sidewalks.

The negligence is alleged in the complaint as follows:

"That on or about 1 August, 1909, while plaintiff was walking along and on said sidewalk, hereinbefore set out and described, going from the depot to the home of her son, E. W. Holton, near the intersection of said sidewalk with King or Church Street, which was the nearest and most direct route, street, or sidewalk to the home of her son, as aforesaid, and when she reached a point about half the distance of said sidewalk, to wit, about 200 yards, going in the direction of the residence of her son, and in attempting to avoid the gullies and ditches on said sidewalk, as hereinbefore alleged, and trying to get from one side of said sidewalk, across a large ditch in the middle of said·sidewalk, which was about 20 inches deep, to the other side of the sidewalk, on account of the dangerous, defective, and unsafe condition of said sidewalk, and without any negligence or fault on her part, her foot slipped into said ditch or gully, throwing her violently to the ground and into the aforesaid ditch or gully, and breaking her left arm, so that she was rendered unable to use said arm for a long time,

and was confined to her room for a month or two; that she incurred heavy expense in employing a physician and buying medicine, and that she suffered and still suffers much pain, all to her great damage."

The defendant denied negligence, and pleaded contributory negligence as a defense.

Evidence was introduced on behalf of the plaintiff and defendant on the issues of negligence and contributory negligence.

The jury returned the following verdict:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff by her own negligence contribute to her own injury? Answer: Yes.

3. What damage, if any, is plaintiff entitled to recover? Answer: Not answered.

There is no contention on the part of the plaintiff that there was no evidence of contributory negligence.

Judgment was rendered in favor of the defendant, and the plaintiff excepted and appealed.

*R. L. Huffman and Spainhour & Mull for plaintiff.*
*S. J. Ervin and Avery & Avery for defendant.*

PER CURIAM. There are ten exceptions in the record, seven of which are to rulings upon the first issue, which we need not consider, as this issue was answered in favor of the plaintiff.

The eighth exception is to a part of his Honor's charge on the second issue, which, when considered alone, might be the subject of criticism; but if read in connection with other parts of the charge, it will be seen that the plaintiff's contention was fairly submitted to the jury.

His Honor told the jury more than once that the burden of the second issue was on the defendant, and that the plaintiff would not be guilty of contributory negligence if she exercised ordinary care.

The ninth exception is that his Honor failed to declare and explain the law as to contributory negligence.

We think he did so, but if he did not, it was the duty of the plaintiff to request more specific instructions. *Craft v. Albemarle Timber Co.,* 132 N. C., 151.

It appears, however, from the record, that all prayers for instructions tendered by the plaintiff, six in number, were given, two of which relate to the second issue, and are as follows:

"5. The court instructs you that if you find the plaintiff saw the ditch in front of her across the sidewalk, if she exercised reasonable care in stepping down into the ditch, and you find this was done for the purpose of being careful, and, in doing so, you find that she used reasonable care, and in her effort to get out of the ditch in a reasonably careful manner she slipped and fell and an injury was thereby caused, then she would not be guilty of contributory negligence, and you should answer the second issue 'No.'

"6. The court instructs you that though the plaintiff saw the condition of the sidewalk, it would not bar her of a recovery or make her guilty of contributory negligence unless the obstruction or defect in the sidewalk was of such a character that a prudent person in her condition would not have attempted to cross the same, and if you find that she used reasonable or ordinary care for her own safety, then you would answer the second issue 'No.' "

The tenth exception is formal, to the refusal to set aside the verdict.

We see no reason for reversing the judgment.

No error.